Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **LINDA D. CRIGGER**, | )<br>) |
| Plaintiff, | ) Case No. 1:05CV00106<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **MEDIA GENERAL OPERATIONS, INC., ETC.**, | ) By: James P. Jones<br>) Chief United States District Judge<br>) |
| Defendant. | ) |

*Linda D. Crigger, pro se; Andrew J. Mulcunry, Williams Mullen, Richmond, Virginia, for Defendant.*

In this employment discrimination case under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003) ("Title VII"), the defendant has moved to dismiss on two grounds: (1) that the Complaint was not signed by the plaintiff; and (2) that suit was not timely filed. I will deny the motion.

The court's records show that the Complaint was signed by the plaintiff, in conformity with Federal Rule of Civil Procedure 11(a).

As to the second ground, Title VII requires a claimant to file suit within ninety days after receipt of a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C.A. § 2000e-5(f)(1). A claimant who fails to

file suit within the ninety-day time period forfeits the right to pursue the claim. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 (1984) (per curium). In th present case, the right-to-sue letter was mailed by the EEOC to the plaintiff on August 16, 2005, but the date of receipt is unknown. When the date of receipt of the EEOC right-to-sue letter is unknown or in dispute, the court may apply the three-day presumption derived from Federal Rule of Civil Procedure 6(e) to find that the letter was received three days after mailing. *See Griffin v. Prince William Hosp. Corp.*, 716 F. Supp. 919, 922 n.7 (E.D. Va. 1989); *see also Baldwin County Welcome Ctr.*, 466 U.S. at 148 n.1 (presuming claimant's EEOC right-to-sue letter was received three days after mailing, without explicitly adopting the rule).

The plaintiff filed her present suit on November 17, 2005, which was within ninety days of presumed receipt under the three-day rule. Accordingly, the suit was timely filed.

For these reasons, it is **ORDERED** that the Motion to Dismiss is DENIED.

ENTER: February 14, 2006

/s/ JAMES P. JONES
Chief United States District Judge

- 2 -